FISHER LEWINE and ESTHER LEWINE, Plaintiffs, *v.* GEORGE O. ANDREWS and Others, Defendants.

Supreme Court, New York Special Term, August (Received September, 1923).

Wills — construction — when " death " means death before testator — when devisees take as tenants in common and not as joint tenants — partition — accounting — Decedent Estate Law, § 80.

A testator devised and bequeathed his homestead and all furniture therein contained to his two unmarried daughters in fee simple subject to the payment by them from their own personal money and estate of the amount of any mortgage debt upon the real property due at the time of his death. A codicil to the will declared that in case of the death of either of said daughters the survivor of them should take, have, possess and enjoy, solely and absolutely, all the real and personal property in fee simple and otherwise and in case both of them died before the testator the real and personal property should revert and fall into the general fund of his estate for distribution in accordance with the terms of his will. A devise by one of said daughters to the other, of her undivided one-half interest in said property, was by a codicil to her will changed to a life interest with remainder over to a niece and two nephews. Said niece died intestate leaving her surviving no children but a husband, a brother, her father and her mother. In an action for partition and for an accounting by one of the defendants for rents collected by him since the date of the death of the survivor of said two daughters of the testator, said defendant, in support of his claim to be the sole

owner in fee of the premises since the death of said surviving daughter, to the exclusion of every other party to the action, relied upon a devise to him of the premises in question under the duly probated will of the survivor of testator's said two daughters. *Held,* that the language of the will and codicil, interpreted under well-established rules, referred to a death of either daughter before the demise of the testator, and as both daughters survived him they held the estate as tenants in common, and nothing in the codicil furnished a sound basis for a claim of joint tenancy with survivorship after the death of testator.

The words "any relative of the blood of such parent," in former section 280 of the Real Property Law, now section 80, Decedent Estate Law, mean exclusively of such blood, and if the ancestor from whom an intestate inherits is of the common blood of both the father and the mother, the intestate does not inherit from a relative of the blood of the mother in the sense intended by the statute.

It appearing upon an issue raised as to the descent of the one-sixth interest which the niece inherited from her maternal aunt, her mother's sister, that the father of said niece was a third or fourth cousin of her said maternal aunt, as well as his wife, the share of said niece descended to her father and not to her mother.

A final judgment granted in favor of plaintiff and for an accounting of the rents collected since the death of the survivor of said two daughters of the testator.

The question of contribution on account of an alleged payment by the survivor of said daughters of the mortgage on the property in question was not properly before the court, but even so no contribution could be enforced on the facts proved.

Action for partition of real estate.

*Eisman, Lee, Corn & Lewine (Harold Swain* and *Arthur H. Indell,* of counsel), for plaintiff.

*William C. Orr (Edward J. McGuire,* of counsel), for defendant George O. Andrews.

*Clark, Reynolds & Hinds (Edward F. Clark, Leonard J. Reynolds* and *Le Roy G. Iserman,* of counsel), for defendant Mutual Bank of Roseville.

*Harold Swain,* for defendants William Proger and others.

*William C. Fielding,* guardian *ad litem,* for defendant Joseph Lyon Andrews.

*Phillips, Leibel & Fielding,* for guardian *ad litem.*

Davis, J. Plaintiffs bring this action for the partition of premises No. 117 West Forty-ninth street, New York city, and for an accounting on the part of the defendant George O. Andrews for rents of the said premises collected by him since January 19, 1921, the date of the death of Caroline Leonora Nones. The defendant George O. Andrews claims to be the sole owner in fee simple of the premises in question since the death of Caroline Leonora Nones on January 19, 1921, to the exclusion of every other party to the action. In support of his claim the defendant George O. Andrews relies upon (1) the devise of said premises to him by

Caroline Leonora Nones by her will which was admitted to probate in New York county the 17th day of March, 1921; (2) the devise of said premises by Joseph B. Nones to his two unmarried daughters, Serena Nones and said Caroline Leonora Nones, as modified by the codicil to said will to the effect that the survivor of them should take, have, possess and enjoy solely and absolutely the said property; (3) the confirmation by the will of Serena Nones in her sister, said Caroline Leonora Nones, of all right, title and interest in the property not affected, revoked or cut down by the codicil to her will which devised to her sister, said Caroline Leonora Nones, a life interest in all the real property of which she might die seized, being four tenement houses on One Hundred and Seventeenth and One Hundred and Twentieth streets; (4) the right of the executor of the will of said Caroline Leonora Nones to be subrogated to the rights of Irving Van Wart, as mortgagee, by reason of the payment by her of mortgages aggregating $16,000 upon said property No. 117 West Forty-ninth street; (5) the purchase for value of a one-sixth interest from Isidor Nina, the trustee in bankruptcy of Charles A. Nones, without notice of an alleged prior unrecorded conveyance to the Roseville Trust Company. On the other hand, the plaintiffs and the defendants, other than George O. Andrews, contend that at the time of her death on January 19, 1921, the said Caroline Leonora Nones was seized in fee simple of an undivided half interest in said premises and of a life estate only in the other half interest. Caroline Leonora Nones and her sister, Serena Nones, held their respective estates in the premises in question under the will and codicil thereto of their father, Joseph B. Nones, who died April 11, 1887. The will reads in part as follows:

"*Item 1.* I give, devise and bequeath to my beloved Daughters Serena Nones and Caroline Leonora Nones — in fee simple, the house and lot in the 22 Ward of the City of New York — now occupied by me and them, and known by the Street Number 117 West 49th Street in said City — subject however to the payment by them from their own personal money and estate of whatever amount of mortgage may be found due thereon at the time of my death. But should I sell and convey this realty at any time hereafter, and in lieu thereof, purchase another homestead, such new purchased homestead, I now give, devise and bequeath to my said Daughters, Serena & Leonora — Subject however in manner aforesaid, to the liquidation by them of any amount of mortgage Existing against such property at the time of my death."

The codicil provided as follows:

"WHEREAS,— I, Joseph B. Nones, of the City, County and

State of New York, did, on the 29th day of July, 1885, make and publish my Last Will and Testament in writing, whereby, I gave, devised and bequeathed to my daughters Serena and Leonora Nones, the house and lot No. 117 West 49th Street, now occupied by me, and all the furniture therein contained, and I also provided further, by said Last Will and Testament, to their right to said property in any other homestead or house I might purchase if I sold the property 117 W. 49th Street, reference being had to said annexed instrument, will more fully appear,— Now, therefore, by this, my writing, which I declare to be a Codicil to my Last Will and Testament, to be taken as a part and a portion thereof and in connection therewith, and, now, being still in good bodily health, and sound in mind and memory, do declare my will to be that, in case of the death of either of my said daughters Serena or Leonora, then the survivor of them shall take, have, possess and enjoy solely and absolutely, the said entire realty and personal property, in fee simple, and otherwise, and in case of the death of both of my said daughters, Serena and Leonora Nones, before my death, then in that case, said real and personal property shall revert and fall into the general fund of my estate and be divided among the remainder of my children, as directed by said Last Will and Testament, of the 29th day of July, 1885.''

Under item I of this will the testator's daughters, Serena and Caroline, were tenants in common of the premises in question in equal undivided shares, and if either died in the lifetime of the testator the undivided share of the one so dying would fall into the residue of the estate to be distributed, as provided in the 3d item of the will. But the defendant George O. Andrews contends that by the codicil the testator devised the said premises to his said two daughters as joint tenants, the fee of the entire premises to vest in the survivor of them after his death. The codicil provides " * * * do declare my will to be that, in case of the death of either of my said daughters Serena or Leonora, then the survivor of them shall take, have, possess and enjoy solely and absolutely, the said entire realty and personal property, in fee simple, and otherwise, and in case of the death of both of my said daughters, Serena and Leonora Nones, before my death, then in that case, said real and personal property shall revert and fall into the general fund of my estate * * *.'' I cannot find in the language of the codicil any sound basis for the claim of joint tenancy with survivorship after the testator's death. The language of the will and codicil interpreted under well-established rules refers to a death of either daughter before the demise of the testator himself, and as both daughters survived him, they held the

estate as tenants in common.    See Real Prop. Law, § 66; *Moore v. Lyons,* 25 Wend. 119; *Matter of New York, L. & W. R. Co.,* 105 N. Y. 89, 92; *Overheiser* v. *Lackey,* 207 id. 229.    Nor can I see how the will of Serena can aid the defendant Andrews in his interpretation of the will of her father, Joseph B. Nones.    The question is, what was the intent of Joseph B. Nones as shown by his own will and not as interpreted by Serena in her will?    I think we must find that Serena's will gave Leonora Serena's undivided half-interest in the fee of the premises in question, and by a codicil changed this to a life interest, with remainder over to the persons mentioned in the 6th paragraph of her will.    Her will reads: " I give, bequeath, devise and confirm unto my sister Caroline Leonora Nones, all my right, title and interest in and to the premises known as No. 117 West Forty-ninth street    *    *    *.'' Her codicil reads:    " I hereby ratify and confirm said will * * * save in so far as any part of it is or may be inconsistent with this codicil.    I give and devise unto my sister, Caroline Leonora Nones, all the real property of which I may die seized, to be held and enjoyed by her for and during the term of her natural life; and upon her death I give and devise said real property to the persons and in the manner provided in the sixth paragraph of my said last will and testament.''    As already stated, Serena devised a life estate in the one-half inheritance from her father to her sister Caroline, and upon her death the remainder to Blanche E. Nones, a niece, and David C. Andrews and Charles A. Nones, nephews.    Blanche died November 21, 1898, intestate, leaving her surviving no children, but leaving a husband (Thompson), and Charles A. Nones, a brother; Alexandre Nones, her father, and Emile Adele Nones, her mother.    Issue is raised as to the descent of Blanche's one-sixth interest inherited from Serena, her maternal aunt and sister of her mother.    This issue involves the construction of sections 280 and 284 of the former Real Property Law (Laws of 1896, chap. 547), in force at the time of the death of Blanche.    It appears that Alexandre Nones, the father of Blanche, was a third or fourth cousin of Serena Nones, as well as his wife, Emile Adele Nones, the latter being a sister of Serena.    Such being the fact, I am of opinion that the share of Blanche descended to her father and not to her mother.    Section 280 of the former Real Property Law (now section 80 of the Decedent Estate Law) when it refers to " any relative of the blood of such parent '' (meaning the mother) means exclusively of such blood.    If the ancestor from whom the intestate inherits is of the common blood of both father and mother the intestate does not inherit from the relative of the blood of the mother in the sense intended by such statute,

Supreme Court, September, 1923. [Vol. 121

Blood of a relative of the mother is used in antithesis to that of the blood of the father. It means exclusively of the blood on the mother's side. As to the question of contribution on account of the alleged payment by Caroline of the mortgage on the property in question, I am of opinion that such question is not properly before this court in this action. Whether it is or not, there can be no contribution enforced on the facts proved. There should be an accounting by the defendant Andrews as to the rents, etc., collected by him since the death of Caroline. Findings passed upon. Settle decision and judgment on notice.

Judgment accordingly.